Good morning, Your Honor. If it pleases the Court, Lawrence Pallas for the Plaintiff Appellant v. Magnus. I will endeavor to reserve three minutes. Your Honors, most of the issues are pretty well briefed in this case, so what I'd like to do is just highlight a couple of facts and issues that I don't think were completely fleshed out and then respond to whatever questions the Court has. Before you do that, maybe you can help me on this. I'm aware that the District Court could have dismissed for failure to prosecute, but it didn't do that. It dismissed based upon noncompliance with the Court's order. But as I understand it, in this case, the client didn't actually violate any court orders. Am I correct on that? I agree with you, Your Honor, and frankly, I'm a little puzzled by how the cases handle the issue, because under Rule 41, there is the failure of prosecuting and the disobeying of an order. And I think it's the Urish case that states in a footnote, in some dicta, well, gee, it's really hard to classify the failure to amend a complaint as — In this case, the Court said it didn't order the plaintiff to file an amended complaint. The plaintiff just said that it gave the plaintiff leave to do so. Right. And the fact that the plaintiff didn't do so, is that violating the Court's order? Well, I don't believe so, and I don't think the Urish court found it. But then it seems like the courts all go, after sort of recognizing the difficulty with this language or about calling it disobeying an order, they just sort of go on and do the analysis. They're very deferential to the trial courts, understandably. The trial judges need to be able to control their courtrooms and their dockets and the like. On the other hand, if you make a decision and you base it upon the decision, it's got to be based upon what happened, right? I agree, Your Honor. And I don't think there was a violation of any order here. And indeed, some of the parties stipulated and then the rest of the defendants did not object. And the Court granted or issued an amended order granting open leave to amend. There was never any sort of deadline or mandate that a pleading be filed by a certain date. So I've always been at a loss to understand. Counsel, if I could interject a question on that issue, please. So if an order just says a party has leave to amend, but the order does not give a specific deadline for the amendment, would it be normal to interpret the order to say that the party shall amend within a reasonable time? Well, I think that would be certainly helpful. But I think what happened here is that the Court and all of the parties anticipated that some significant delay was going to be And it was a bankruptcy of some magnitude. And when the Court initially issued the order, it only said that the complaint was dismissed without prejudice. And then the parties went back and discussed it and got this additional language with leave to amend. And in the absence of a deadline, and the cases that both parties have briefed are replete with instances where specific deadlines have been set and warnings given that the failure to amend within that time will result in some sanction, up to and including dismissal. And that's completely absent in this case. And I think one other important point is that when the issue did ripen when First Magnus moved to transfer this case, that the parties, some of the defendants moved to dismiss as a sanction. And the issue was brief, but despite the request for oral argument, the trial court did not hear oral argument before issuing this order. And so in addition to the It's not obligated to do so, is it? Well, certainly not. But I think that certainly on these facts, and given that it is an extreme sanction that is only to be imposed under extreme circumstances, and the fact that the party had been in bankruptcy. Indeed, at one point during a hearing, the trial court had said something to the effect of, those of us who have practiced in bankruptcy court understand that these things can sometimes take on a life of their own. And an opportunity to be heard, especially in the absence of any warning on the front end, I think would have been helpful and important. Counsel, the plaintiff had filed a motion to stay in this case. And in that motion to stay, you wanted to stay it because of the pending bankruptcy in Arizona. Is that right? The reason for the stay is because the bankruptcy had been filed, but the trustee had not yet been appointed. And counsel hadn't been appointed either. So we were in some uncharted waters, not even sure if possibly we were violating something with regard to the bankruptcy court. Once the court issued the — dismissed the complaint and issued the amended order giving leave to amend, the stay was irrelevant. Well, the stay had actually been denied because in October of 07, the district court denied your motion to stay. Correct. But what I'm saying is that the defendant appellees have argued that this was some sort of end run around the court's denial of the motion for a stay. And what I'm saying is that once the court issued open leave to amend, we had no need for a stay. I sit on the district court, so I'm sensitive to what the district court, you know, may have been thinking, although the order is not clear. But was it your understanding once you were given leave to file an amended complaint, a second amended complaint, that you had as much time as you wanted, or did you think that you had to file it within a certain period because leave to file was granted on March 6 of 2008 and the motion to dismiss was granted on November 23, 2009, and the plaintiff didn't file another pleading in the case until August 21 of 2009. So that was a year and five months before anything was done, at least on this court's docket. What happened during that period? It certainly wasn't open leave to file into eternity. That's true. And the one, I think, date that we do have and that the next pleading was filed by is the statute of limitations, the extension 11 U.S.C. 108 with regard to the bankruptcy court, which gave us two years from the filing of the petition to file any claims. But that was in the bankruptcy court.  But it gives the trustee the ---- My question is different. My question is, what were you doing from March 6, 2008, to August 21, 2009, such that an amended complaint couldn't be filed pursuant to the court's order? The trustee was not empowered to act until May 1. After May 1, until January 2009, the trustee was dealing with hiring professionals to investigate the merits of some 1,700 loans of this type worth about $86 million and dealing with the claims of 5,500 terminated employees and all of the other creditors. And that investigation was undertaken, at which time counsel ---- Did that have some bearing? Maybe we can get to it this way. Did that have some bearing, what the trustee was doing, on your ability to file a second amended complaint in this case? Absolutely. Because these claims, and there was some 30 or 40 discrete transactions in this case, but with overlapping parties interwoven through them and different jurisdictions. Those were all had to be analyzed. In late January 2009, having made the determination that these claims were worth pursuing, counsel was hired. So counsel couldn't do anything until after that occurred. And in the bankruptcy court, you had to get court permission to hire the lawyer, right? I believe that the trust liquidation plan enabled the trustee to hire professionals without going back in time to ---- But the court had approved the plan that permitted that, right? Correct. And when did the court approve that plan? It was approved sometime pre-May 1st, but it was effective ---- May 1st, 2009 or 2008? 2008. That was the effective date of it. On May 1st, the trustee could act. After counsel was hired, significant amounts of research were undertaken to figure out how to deal with several of the issues, personal jurisdiction, primarily personal jurisdiction, that the trial court had raised, and how to best deal with and how the trustee could meet his fiduciary duty to protect the assets of the estate but still pursue these claims. And so we had to untangle several issues regarding where and how to pursue the claims. And that research took some time. And then there's some argument in the pleadings that, oh, well, they filed the same complaint. They could have just basically recaptioned it and filed it the next day. That's not true. The entire complaint was rewritten, and I could give you the facts and figures about the differences between it, but I see that I'm pretty much out of time. Why don't you save a moment for rebuttal? We'll give you a minute when your opposing counsel has addressed this. Thank you. Thank you, distinguished judges, justices. There's no justice in the Ninth Circuit. Don't ever forget that. Thank you, Your Honor. May it please the Court. Don Bennion on behalf of Ace Appraisals Corporation. Brian Hanline and Melissa Lang. As you've noted, we have three attorneys here. Rachel Dawn is here. I will take five minutes, she will take three, and then Mr. Egbert will take two minutes in conclusion for his distinct legal argument. It's noteworthy, this case was filed February 1, 2007, and it appears that respected counsel is making the argument that they didn't have an obligation to move this case forward. They argued that they would leave to amend to file a second amendment. Well, first of all, what part of 41B was violated? Was it a failure to comply with the court's order or a failure to prosecute? In which theory are we proceeding here? Well, there's a combination, Your Honor, because the complaint was dismissed for failure to comply with the court order. However, there is a local rule, 41-1, which states all civil actions that have been pending in court for more than nine months without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution on motion of counsel or by the court. What constituted the notice here? You're filing a motion to dismiss? Exactly. Because in the Morris case, it points out the appellants argued that an express warning is a prerequisite to dismissal under 41B. But the court found there is no warning requirement when dismissal follows a noticed motion to dismiss. And that's what we have here. Well, here we have a different scenario than those cases that you cited, because we have a parallel bankruptcy proceeding. And there were certain things that this plaintiff was prohibited from doing because of the parallel bankruptcy proceeding. So what impact, what effect, if any, does that parallel bankruptcy proceeding have on your argument on the local rule, et cetera? Virtually none, Your Honor, because they were given authorization to proceed forward on May 1, 2008. They did nothing, didn't file a thing. They were given written authorization from the trustee? The trustee to proceed forward on May 1, 2008. And then they violated Judge Mahan's order by not filing an amended complaint in the ---- But Judge Mahan didn't tell them the date by which they had to file an amended complaint. He just said you have leave to file an amended complaint. And before you can violate a court's order, doesn't that court have at least a responsibility to give them a timeframe within which to operate since the rules and the local rule both are silent on the timeframe? Well, I would argue that the local rule is not silent, Your Honor, because they have an obligation to move the case forward. I mean, talk about the prejudice to the defendants. I mean, they say they have all these burdens. And I think it's important to note what their counsel said at the outset of the case. Clearly, Judge Mahan, an able judge, has the right to manage his courtroom. But I guess following up on what Judge Marbley indicated, I'm looking here at the actual order. And the judge is kind of waffling here. He says the court's strong need to manage its docket militates in favor of dismissing this case with prejudice, as does prejudice to the defendants from having to defend such a case. Further, because the plaintiff failed to heed the court's previous order, there are no less drastic alternatives. Now, we've already discussed the fact they didn't violate the court's order. Does the fact that the district court buttressed its severe sanctions on something that didn't happen, does that have any impact on our analysis? Well, I think that there's another factor involved in Judge Mahan's analysis. It's implicit in his order, the public interest in expeditious resolution of the case. I mean, that's all fluff. I mean, the reality is the trial judges are given a great discretion. We get that. But I'm just concerned here at you've got what seem to be contradictory issues here. If he had said, I need to control my docket and you've waited too long, I don't think we'd probably even be asking you very many questions because it would be pretty straightforward, probably not an abuse of discretion. But here, Judge Mahan went to that one and then buttressed it on something that didn't happen. I'm troubled with that. But if there's no complaint on file, a court can't manage its docket. No, I understand that. But I'm just saying that that gives a contradictory reason. And particularly for the severity of the sanction where there was no violation, what are we to do with that? I believe there was a violation because the local rule requires counsel to move a case forward within nine months. But, see, the problem that I have with this is that you have this parallel proceeding. And I agree wholeheartedly with Judge Smith. If there was no parallel proceeding, we wouldn't be asking you very many questions because it would seem that they just sat on this case. But you know and I know that when there's a parallel bankruptcy proceeding, there are intricacies and there's overlap in the proceedings to the extent that more often than not, the district court case would be stayed pending the resolution of the bankruptcy. But in this case, it was not stayed. It was not stayed. You're right. Which meant that you got two cases proceeding on parallel tracks, and so it's not as if the plaintiffs weren't doing anything. It would have been — I'm not going to second-guess the trial court, but it would have probably been helpful if he had given a date certain, or maybe the plaintiffs should have come in and said, we have these things to do in the bankruptcy proceeding, Judge. We can't fashion an amended complaint until these things are done, or until we have more facts. But they did, in fact, even though this was outside the 90 days or whatever, file a motion for a change of venue to the same district in which the bankruptcy proceeding was pending. And before that motion was resolved, it appears on the timeline that I have, you filed the motion to dismiss, and the motion to dismiss was granted while this motion for change of venue is still pending. Am I right about that? Well, they filed it before, but the motion to change venue was denied, and then the motion to dismiss was granted. When was the motion to change venue denied? At the time of the order on the motion to dismiss. At the same time, he addressed it in his order. And, Your Honor, I'm out of time for my co-counsel. May it please the Court. My name is Rachel Don. I represent Commonwealth Land Title as well as Lawyer's Title of Nevada. In just addressing your question, the last line of the order dismissing the case with prejudice denied the motion to transfer venue, so that's not still pending. Just to clarify and sort of build on some of the things Mr. Bennion said, obviously our briefs address the similar issues. And I did just want to clarify, the motion to dismiss that the Court was ruling on, with the motion pursuant to FRCP 41 as well as pursuant to local rule 41-1. What constitutes under the local rule moving the case along? Does that mean that you have to be investigating? Does that mean that you can be attending to parallel proceedings? What exactly does that mean? The rule states, and the rule at the time was nine months. It's since been amended to 270 days. But for all practical purposes, it's still the same. It says without any process of record being taken for a period of nine months, which it was not. And I don't believe that's disputed, which it wasn't for 17 months. And I don't think that's disputed. And if you violate the local rules, is it a per se consequence that your action is dismissed, or are there other sanctions less drastic that are available to the Court? The rule says it may be dismissed. So it's at the Court's discretion. But it clearly, and I do want to address this because I believe Counsel for First Magnus has made much of the fact that there was no warning. Anyone who's practicing in the United States District Court for the District of Nevada is expected to be familiar with the local rules. That's kind of another version of the wink and nod. Oh, I don't think it's the wink and nod. I think it's explicit. It says if you don't do something for nine months. Is it an abuse of discretion? Can I look at the JORISH factors to determine whether there was an abuse of discretion? How is an abuse of discretion viewed or analyzed in terms of the local rule? What standards govern an abuse of discretion with respect to the local rule? Should I look at JORISH? I would. I think that that's an acceptable way to look at it, Your Honor. Counsel, if I could ask you a question on this. When the district court entered his order dismissing with prejudice, did he expressly rely on that local rule or did he just base it on the fact that he had given leave to amend and no amended pleading was filed? It wasn't expressed in the order, Your Honor. Again, the motion to dismiss addressed both standards, both the local rule. I believe what the district court did was it looked at JORISH and other cases which said that we're going to treat failure to amend a complaint as failure to comply with the court order. And from that standpoint, I mean, to be candid, failure to amend a complaint is never going to be per se a violation of the court order because you're never obligated to amend a complaint. So whenever leave is granted. However, the standard that the courts decided to give to it is we're going to treat a failure to amend as a violation of a court order. Forgive me for interrupting you. This is a problem. We have a lot of different lawyers. We've got Mr. Egbert who probably wants to say something. You're already over time, not you personally, but your team. So you want to give him a minute to say something from his perspective and then we'll hear from First Magnus again. Absolutely, Your Honor. Thank you. Thank you, Your Honor. May it please the Court, my name is John Egbert. I represent two of the Appalachian Grand Canyon Title and Tiffany Tinkham. My issue here is completely distinct from everything you've heard so far. My clients were dismissed based on a lack of personal jurisdiction. In Appellant's opening brief, and again, even today at oral argument, there's been not a word mentioned about the merits of that dismissal based on lack of personal jurisdiction. Our position is that as a result, they've waived any challenge that they might have. You've covered that in your brief, and they've given a response in their brief on that issue. So I don't think they agree it's waived. No. They've taken the position in their brief that if we rule the dismissal with prejudice was wrong, that if we rule it's right, that it's moot, you're a jurisdiction issue. And that if we rule it's wrong, then you really don't have a final order anymore. Is there any precedent that orders our deliberations that says we have to look at the jurisdiction issue before we look at the dismissal issue? Your Honor, there are no cases that I found that specifically say that under these circumstances, the Court must decide the issue about personal jurisdiction. However, I will point out that the cases that they do rely on are very distinct from our situation. Those are situations in which there was a denial of a class certification or a grant of a partial summary judgment motion. Those kinds of issues are not like a dismissal of all the claims against my client, which stand alone. Those are kind of 54B language types of claims that are completely independent. Yeah, but we don't have a 1292B or a 54B or any other interlocutory appeal here. You're coming as a result of presumably, you think, the dismissal of this case, right? When our prior dismissal was combined with the dismissal of all the other plaintiffs, now there was an appealable order. By the way, their argument would work just as well the opposite way. Their appeal isn't final without our dismissal because we were also defendants in that case. So their argument, the logic of their argument works both ways. They wouldn't have to even address their argument in their opening brief if they wanted to focus on mine. That's not what the judicial economy and the piecemeal appeal kind of concept is intended to address. There was a final decision. Both of these decisions were final. It was appealable. And it was incumbent upon them to address those issues. And if they didn't, they did it at their own peril, and the Court should say it's waived. I think we have your argument. We thank you very much, Mr. Powell. We'll give you a minute to respond. Thank you, Your Honor. I'm interested, counsel, in why the judge cannot be, the district judge cannot be affirmed based on application of the local rule. Why was the plaintiff not in violation of the local rule in this case? Well, I think that ultimately the rule is permissive. And I think Your Honor already asked if there's a per se, if you violate these number of days, then there's dismissal. And I think it just brings us to the Jurisch fact. Well, yeah. But overarching consideration of the Jurisch fact is there's an abuse of discretion. And you took well beyond the 90 days or whatever it was. Right. But I think, Your Honor, that one thing we learned from all these cases is they have to be examined on the facts of the case. And that's why you have the five factors. And the court's abuse of discretion was in part from failing to address some of the factors and credit them to plaintiff's side of the ledger and in his improper analysis and conclusions on the others. But that's all laid out in the briefs. We thank both parties, or actually all of the parties, for their argument. Thank you. The case of First Magnus Financial Corporation v. Rondau is submitted.
judges: Marbley, Gould, Smith M.